# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT PIKEVILLE

| | |
|---|---|
| JOE ALLEN EVANS and LINDA EVANS, | CIVIL ACTION NO. 7:17-32-KKC |
| Plaintiffs, | |
| V. | **OPINION AND ORDER** |
| JOHN KIRK, et al., | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiffs' motion asking the Court to clarify and reconsider its order dated December 7, 2017, which partially granted the motion to dismiss filed by defendant Martin County, Kentucky. For the following reasons, the motion will be denied.

Plaintiffs Joe and Linda Evans own a pawn shop located on Main Street in Inez, Kentucky. They allege that Martin County Deputy Sheriff Paul Witten initiated a criminal action against them and then arrested them, knowing there was no probable cause to believe they had committed any crime. They further allege that Martin County Sheriff John Kirk and Deputy Witten obtained a search warrant for their pawn shop knowing that information in the supporting affidavit was false and misleading.

In their complaint, the Evanses assert a claim under 18 U.S.C. § 1983 that Sheriff Kirk and Deputy Witten violated their Fourth Amendment rights. They also

assert that Sheriff Kirk and Deputy Witten violated the Kentucky Civil Rights Act, KRS 344.010 *et seq*.

The Evanses also asserted these claims against Martin County, Kentucky and the Martin County Sheriff's Office (together, "the County"). As for the §1983 claim against the County, the Evanses asserted that it was liable for the alleged constitutional violations of Sheriff Kirk and Deputy Witten under three theories: because the County failed to train the sheriff and deputy; because the County failed to supervise the sheriff and deputy; and because the County is vicariously liable for the acts of the sheriff and deputy. The Evanses also asserted a state-law claim against Martin County under the Kentucky Civil Rights Act ("KCRA"), KRS 344.010 *et seq*. (DE 1-1, complaint ¶¶ 3, 8, 13; DE 11, Response at 1.)

The County moved to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6). As to the § 1983 claim, the Court did not dismiss the failure-to-train claim against the County. The Court did, however, dismiss the claim that the County failed to supervise Sheriff Kirk and Deputy Witten and their claim that the County is vicariously liable for the sheriff and deputy's actions. The Court also dismissed the the KCRA claim against the County.

The County moved to dismiss any state tort claims against it. The Court did not construe the complaint to assert any such claims but ruled that, to the extent the complaint does assert such claims, those claims must also be dismissed.

In their motion to clarify and reconsider, the Evanses assert that the Court dismissed *all* of their federal claims. As explained above, this is incorrect. First, the December 7, 2017 order ruled only on claims asserted against the County. Second, the order did not dismiss all of the federal claims against the County. The Court explicitly did not dismiss the failure-to-train claim against the County.

The Evanses state that the Court's December 7, 2017 order did not mention their "malicious prosecution claim under state law." (DE 42, Mem. at 6.) The Court does not construe the complaint to assert such a claim against the County. To the extent it does, the Court made clear in its order that any state-law tort claims against the County must be dismissed under the doctrine of sovereign immunity.

In their motion to dismiss and clarify, the Evanses also mention "a malicious prosecution claim under federal law." (DE 42, Mem. at 8.) With regard to this claim, the Evanses ask the Court to "reconsider its order and hold that qualified immunity is not available to Witten and Kirk." (DE 42, Mem. at 9.) The Evanses also ask the Court to "reconsider its order to hold that the Plaintiffs may proceed on a claim of conspiracy against Kirk and Witten." (DE 42, Mem. at 9.) The Court's December 7, 2017 order did not address any claim against Witten or Kirk. It addressed only the County's motion to dismiss and the claims against the County.

Because the December 7, 2017 order was clear and because the Evanses have raised no reason for the Court to reconsider that ruling, their motion to clarify and reconsider the order (DE 42) is DENIED.

Dated August 17, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY