Eastern District of Kentucky
F I L E D
AUG 2 3 2018
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| JOE ALLEN EVANS and LINDA EVANS, <br><br> Plaintiffs, <br><br> V. <br><br> JOHN KIRK, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 7:17-32-KKC <br><br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendants' motion for summary judgment (DE 30). For the following reasons, the motion will be granted.

I.  Background

Plaintiffs Joe and Linda Evans are married. They own a pawn shop located on Main Street in Inez, Kentucky. They allege that Martin County Deputy Sheriff Paul Witten arrested them and initiated a criminal action against them, knowing there was no probable cause to believe they had committed any crime. The plaintiffs further allege that Martin County Sheriff John Kirk and Deputy Witten obtained a search warrant authorizing a search of the pawn shop knowing that information in the supporting affidavit was false and misleading.

The plaintiffs do not dispute any of the material facts set forth in the defendants' memorandum. While on duty on the morning of February 3, 2016, Sheriff Kirk was driving by the plaintiffs' pawn shop and saw a man named John Dials enter it. The sheriff mistakenly believed there was an outstanding warrant for

Dials' arrest. Sheriff Kirk entered the pawn shop and asked Dials to step outside so he could run a search to determine if there was a pending arrest warrant. Dials began "sweating profusely." The sheriff asked Dials if something was wrong and if Dials had anything on him. Dials handed Sheriff Kirk 22 oxycodone pills and four suboxone strips. The sheriff's office had received prior reports of drug activity inside and outside the pawnshop.

Sheriff Kirk called Deputy Witten to the scene. When he arrived, Deputy Witten determined that Dials was under the influence of drugs. Deputy Witten arrested Dials for public intoxication and transported him to the Martin County Sheriff's Office. Dials then provided a written statement indicating that he had purchased the 22 oxycodone pills from "Gar" Maynard, a pawn shop employee. Dials stated that he gave Maynard $460, and Maynard went to the back of the shop to retrieve the pills.

Dials was ultimately charged with public intoxication, having a prescription medication outside of its original container, possession of a controlled substance without a prescription, and trafficking in a controlled substance. Based on Dials' statement, Deputy Witten sought a warrant to search the pawn shop. In the affidavit in support of the search warrant, Deputy Witten stated that he had received a written statement from an adult male who purchased 22 oxycodone pills inside of the pawn shop from employee Maynard, who went to the back of the store to retrieve the pills. Deputy Witten also stated that he "interviewed adult male and received written statement along with the (22) oxycodones on his person."

A few hours later, Sheriff Kirk, Deputy Witten, several other members of the Martin County Sheriff's Office, multiple Kentucky State Police offers, and at least

one Inez Police Department officer conducted a search of the pawn shop. They seized a variety of items including about $20,000 in cash; a stolen firearm; 21 hydrocodone pills in a clear plastic bag; and five loose white, oval pills.

Deputy Witten arrested Joe and Linda Evans and charged them with possession of a controlled substance, trafficking in a controlled substance, and having a prescription medication outside of its original container. In addition, Deputy Witten charged Joe Evans with identify theft and charged Linda Evans with receiving stolen property.

On June 2, 2016, a Martin County grand jury indicated Joe Evans on one charge of trafficking in a controlled substance (hydrocodone) in the second degree. (DE 31-1, Indictment.) The charge was later dismissed by an agreed order of dismissal. As to Linda Evans, the grand jury returned a "no true bill" but she stipulated in an agreed order that probable cause existed for her arrest.

The plaintiffs now assert a claim under 18 U.S.C. § 1983 that Sheriff Kirk and Deputy Witten violated their rights under the Fourth, Fifth, and Fourteenth Amendments. (DE 1, Complaint ¶ 13.) They also assert that Sheriff Kirk and Deputy Witten violated the Kentucky Civil Rights Act, KRS 344.010 *et seq.*

The plaintiffs also asserted these claims against Martin County, Kentucky and the Martin County Sheriff's Office. By prior opinion, the Court dismissed all claims against the county except for the claim that the county is liable for the alleged constitutional violations of the sheriff and deputy because it failed to train and supervise them. The defendants now move for summary judgment in their favor on all claims.

3

## II. Analysis

To the extent that the plaintiffs assert a due process claim under the Fifth and Fourteenth Amendments, those claims must be dismissed. The conduct that the plaintiffs challenge is the search of the pawn shop and their arrest and prosecution. This conduct is properly analyzed under the Fourth Amendment's reasonableness requirement. *Tennessee v. Garner*, 471 U.S. 1, 7 (1985). Accordingly, any due process claims must be dismissed. *Graham v. Connor*, 490 U.S. 386, 395 (1989). "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham*, 490 U.S. at 395). Further, plaintiffs do not address any due process claims in their response to the motion for summary judgment. Accordingly, they have waived any such claims.

The claims against the Martin County Sheriff's Department must also be dismissed because it is not a suable entity. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). As to the county itself, under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a county is subject to suit only if the plaintiffs' injuries were the result of an unconstitutional policy or custom. *Id.* at 690-91. In their response to the motion for summary judgment, the plaintiffs concede they "no longer [have] a viable '*Monell* claim' (failure to train, negligence hire) since the Plaintiffs' expert can't testify on this issue." (DE 36, Response at 2.) Accordingly, the sole remaining claim against Martin County –negligent training – must be dismissed.

4

As to the claims against Sheriff Kirk and Deputy Witten in their official capacities, these claims are treated as claims against the county. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

That leaves the plaintiffs' claims against Sheriff Kirk and Deputy Witten in their individual capacities. In their response brief, plaintiffs clarify that they assert that the deputy and sheriff violated the plaintiffs' rights under the Fourth Amendment in three ways: by searching the pawn shop without probable cause, by arresting them without probable cause, and by maliciously prosecuting them. (DE 36, Response at 2.)

As to the plaintiffs' claims that the sheriff and deputy violated their constitutional rights by searching the pawn shop without probable cause, "[p]olice officers are entitled to rely on a judicially secured warrant for immunity from a § 1983 action for illegal search and seizure unless the warrant is so lacking in indicia of probable cause, that official belief in the existence of probable cause is unreasonable." *Yancey v. Carroll Cty., Ky.*, 876 F.2d 1238, 1243 (6th Cir. 1989). "A police officer has probable cause to conduct a search when the facts available to [the officer] would warrant a person of reasonable caution in the belief that contraband or evidence of a crime is present." *United States v. Tagg*, 886 F.3d 579, 585 (6th Cir. 2018) (quoting *Florida v. Harris*, 568 U.S. 237, 243 (2013)).

Here, the affidavit in support of the search warrant signed by Deputy Witten states that an adult male provided a written statement to law enforcement officers indicating that he purchased 22 oxycodone pills for $460 "inside of the Inez Pawn Shop from store employee (Gar Maynard) who went to the back of the store and retrieved 22 oxycodones." Deputy Witten also stated that he interviewed the adult

5

male. This information would cause a reasonable person to believe that contraband or evidence of a crime was present at the pawn shop.

The plaintiffs argue that Deputy Witten had no experience with Dials and did not know whether he was reliable or trustworthy. Nevertheless, Dials was not an "anonymous informant." His identity was known to Deputy Witten, who stated in the affidavit that he interviewed Dials. Further, the circumstances surrounding Dials' arrest provided sufficient corroboration of his statement. Deputy Witten testified that Dials appeared to be under the influence, he was observed entering the pawn shop, and the officers learned he had 22 oxycodone pills on him when he left the pawn shop. The sheriff's office had received reports about drug activity in and about the pawn shop. These circumstances corroborated Dials' statement that he obtained the pills inside the pawn shop.

Of course, "an officer cannot rely on a judicial determination of probable cause if that officer knowingly makes false statements and omissions to the judge such that but for these falsities the judge would not have issued the warrant." *Yancey*, 876 F.2d at 1243. The plaintiffs make conclusory allegations in their complaint and in their response to the motion for summary judgment that Sheriff Kirk and Deputy Witten both made false and misleading statements in the affidavit. Nevertheless, the plaintiffs never identify what those statements are. The affidavit states that an adult male provided a written statement that he purchased 22 oxycodone pills for $460 cash from a pawn shop employee, who retrieved the pills from the back of the shop. The plaintiffs concede that Dials provided such a statement. (DE 36, Response at 7.)

In conducting the search, Sheriff Kirk and Deputy Witten relied on a search warrant that was supported by probable cause. The warrant certainly was not so

6

lacking in probable cause that it would have been unreasonable to rely on it. Further, the plaintiffs have not demonstrated that the affidavit contained any false or misleading statements. Accordingly, judgment must be entered in favor of the defendants on the plaintiffs' claim that the officers violated their Fourth Amendment rights by searching the pawn shop.

As to the plaintiffs' claim that their Fourth Amendment rights were violated because they were wrongfully arrested, they must prove the officers lacked probable cause to believe that the plaintiffs had violated the law. *Painter v. Robertson*, 185 F.3d 557, 569 (6th Cir.1999). "It has long been settled that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer.'" *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) (quoting *Ex parte U.S.*, 287 U.S. 241, 250 (1932)). After his arrest, Joe Evans was indicted by a grand jury for trafficking in a controlled substance in the second degree. The indictment conclusively establishes that there was probable cause to arrest him.

As to Linda Evans' false arrest claim, she does not dispute that, in the state criminal action, she stipulated that the officers had probable cause to arrest her. The stipulation is contained in the agreed order dismissing the matter against her. (DE 30-9, Agreed Order.) The doctrine of judicial estoppel provides that, "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *Grise v. Allen*, 714 F. App'x 489, 495 (6th Cir. 2017) (quoting *Watkins v. Bailey*, 484 F. App'x 18, 25 (6th Cir. 2012)), *cert. denied*, 138 S. Ct. 1443 (2018). The Court must assess three factors in determining whether judicial estoppel

should apply in this case to prohibit Linda Evans from arguing that the officers lacked probable cause to arrest her:

> (1) whether the party's current position is "clearly inconsistent" with its previous one;
> (2) whether the earlier court actually accepted the party's position; and
> (3) whether the party against whom judicial estoppel is invoked would "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

*Grise*, 714 F. App'x at 495 (quoting *New Hampshire v. Maine,* 532 U.S. 742, 750-51 (2001)).

Here, Linda Evans' stipulation was an admission that there was probable cause to arrest her. This is certainly inconsistent with the position she has taken in this case. The Martin District Court incorporated her admission into its final order of dismissal. This is sufficient to indicate that the Martin District Court accepted Linda Evans' position that there was probable cause to arrest her. *Grise*, 714 F. App'x at 495. Finally, Linda Evans would be unfairly advantaged if this Court permitted her to argue that there was no probable cause to arrest her so that she could obtain damages from the officers, after she stipulated in the state criminal action against her that probable cause indeed existed. *Id.*

Plaintiffs do not discuss Linda Evans' stipulation in their response to the motion for summary judgment. Nor do they address the defendants' argument that, because of the stipulation, she is estopped from asserting in this action that the officers did not have probable cause to arrest her.

Moreover, even without the indictment and stipulation, there was probable cause to arrest both Joe and Linda Evans. During the search of the pawn shop, the officers discovered 21 tablets of hydrocodone, additional loose pills, a stolen firearm,

and a large amount of cash. Both Joe and Linda Evans are owners of the pawn shop. The officers had probable cause to arrest them for the crimes charged.

Thus, judgment must be entered in favor of the defendants on the plaintiffs' § 1983 claim for false arrest.

As to the plaintiffs' claim that the officers maliciously prosecuted them in violation of the Fourth Amendment, "[a] police officer violates a suspect's clearly established right to freedom from malicious prosecution under the Fourth Amendment '*only* when his deliberate or reckless falsehoods result in arrest and prosecution without probable cause.'" *Johnson v. Moseley*, 790 F.3d 649, 655 (6th Cir. 2015) (emphasis added) (quoting *Newman v. Township of Hamburg*, 773 F.3d 769, 772 (6th Cir.2014)).

Again, other than conclusory allegations, the plaintiffs do not allege any such falsehoods. Accordingly, judgment must be entered in favor of the defendants on the plaintiffs' § 1983 claim for malicious prosecution.

The remaining claim is the plaintiffs' claim that Sheriff Kirk and Deputy Witten violated the Kentucky Civil Rights Act ("KCRA"), KRS § 344.101, *et. seq.* (DE 1-1, Complaint ¶¶ 3, 8.) The general purpose of the act is to protect individuals from discrimination on the basis of "familial status, race, color, religion, national origin, set, age forty (40) and over, or because of the person's status as a qualified individual with a disability." KRS § 344.020(1)(b). As the Court explained in its ruling on the county's motion to dismiss, the KRCA is irrelevant to the plaintiffs' factual allegations. Accordingly, judgment will be entered in favor of the defendants on this claim.

Sheriff Kirk and Deputy Witten also move to dismiss state law tort claims against them for false arrest and malicious prosecution. The Court does not construe

9

the complaint to assert such claims. In their response to the defendants' motion for summary judgment, the plaintiffs discuss only constitutional claims under the Fourth Amendment. The plaintiffs explicitly state that their "cause of action is twofold: One; the Defendants violated Plaintiffs right to be free from unreasonable search and seizure under the Fourth Amendment . . . Two: the Defendants are liable under § 1983 for malicious prosecution." (DE 36, Response at 2.) Accordingly, to the extent that the complaint could be construed to assert any state law tort claims against the defendants, the plaintiffs have waived those claims.

### III. Conclusion

For all these reasons, the Court hereby ORDERS as follows:

1) the defendants' motion for summary judgment (30) is GRANTED;

2) judgment will be entered in favor of the defendants on all claims asserted in the complaint; and

3) the defendants' motion for leave to file supplemental authority (DE 47) is DENIED because the Court does not find any additional authority necessary to resolve this motion.

This 23rd day of August 2018



Signed By:
Karen K. Caldwell
United States District Judge